## ADOLPH E. L. JOHNSON v. MAX T. BENTZEN.[1]

February 14, 1936.

No. 30,721.

*C. O. Lundquist* and *Kingman, Cross, Morley & Cant,* for appellant.

*Adolph E. L. Johnson* and *J. A. Mansfield,* for respondent.

STONE, JUSTICE.

Plaintiff had a verdict for $280 as damages for conversion of a motorboat. Defendant appeals from the order denying his alternative motion for judgment notwithstanding or a new trial.

■ About August 1, 1926, plaintiff delivered the boat to defendant on Lake Minnetonka under a contract of bailment, the terms of which are much in controversy. The evidence is in hopeless conflict. The verdict requires us to consider it from the standpoint most favorable to plaintiff. At the time of the bailment plaintiff was about to leave for a prolonged absence. Although denied by defendant, there is evidence that defendant agreed "to take care of this boat" for plaintiff; "keep it up as long as I [plaintiff] wanted to, or at least as long as I remained away."

[1]Reported in 265 N. W. 297.

Defendant says that he speedily found the boat utterly unseaworthy. For a time it was hauled up on the beach at his dock. In that position it may have suffered damage from waves. Shortly after, defendant caused it to be stored with one Tuff, his contention being that the storage was rightfully for plaintiff. The craft continued in storage until September 29, 1928, when, pursuant to notice, Tuff sold it to satisfy a lien for towage and storage. He bid it in for a nominal sum, junked the hull, and salvaged the engine. That is the case in outline. If defendant's theory is right there has been no conversion.

But the evidence for plaintiff reasonably sustains the view that not only was the contract as he claims, but also that the conversion was not completed until the sale by Tuff. If that be so, the statute of limitations had not run before the commencement of this action, August 19, 1933. There was no breach of the contract of bailment by defendant until his repudiation of his contract obligation, whatever it was. On plaintiff's evidence, there may have been no such breach until the sale by Tuff. Plaintiff's attitude then was, as expressed in a letter to defendant transmitting the notice of sale, that defendant was still "responsible for this boat." Plaintiff, by his own unaided act, could not delay the statute of limitations. But the evidence is such as to have justified the jury in concluding, as under the instructions of the court they must have concluded, that there was no breach by defendant of the contract of bailment until the Tuff sale.

■ There has been some argument anent the effect of the bailor's demand for and the bailee's refusal to deliver bailed property. It ignores overmuch the distinction between the legal act, which is the basis of liability, and the mere evidence of that act. In only the exceptional case do demand and refusal constitute the conversion. Ordinarily they are but the evidence of it. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 1942.

The case has been tried twice with about the same verdict for plaintiff each time. We find nothing to justify a third trial.

The order under review is affirmed.